NEW-YORK,
Oct. 1815.

CUYLER
v.
RUST.

---

CUYLER, Assignee of Earll, late Sheriff of Onondaga, *against*
RUST, Survivor, &c.

*Under the act for the relief of debtors, with respect to the imprisonment of their persons, (sess. 36. c. 81.) a person in jail, on an execution for costs only, not being a freeholder, was entitled to his discharge at the expiration of thirty days. But by the act (sess. 36. c. 203. s. 49.) this construction of the act for the relief, &c. is expressly done away.*

THIS was an action on a bond for the liberties of the jail of the county of *Onondaga*, by the plaintiff, assignee, &c. against the defendant, surety on the bond, for one *Archelaus Graves.* The following case was agreed to by the parties, and submitted to the court without argument.

In *August* term, 1812, a judgment for 36 dollars and 33 cents, of costs in the supreme court, was obtained against *Graves*, in an action in which he was plaintiff, and the now plaintiff, defendant. In the same term, the then defendant issued a *ca. sa.* on the judgment, returnable the next *October* term, to the sheriff of *Onondaga*, on which *Graves* was arrested on the 2d of *September*, and a bond given for the jail liberties, by *Graves* and the defendant, *Rust.* *Graves* was not, at the time of his arrest, or during his imprisonment, a freeholder. At the expiration of thirty days from the time of his commitment, *Graves* departed from the jail liberties, with the knowledge and consent of the deputy sheriff, and never returned. If the court should be of opinion

that the plaintiff was not entitled to recover, it was agreed that judgment of nonsuit should be entered.

*Per Curiam.* By the " act for the relief of debtors, with respect to the imprisonment of their persons," (sess. 36. ch. 81. 1 *N. R. L.* 348.,) it is enacted, " That every person, not being a freeholder, who shall be confined in jail upon any execution, or other process, or by virtue of any judgment, or order of any court of justice, or by warrant from any judge or justice, for any debt, sum of money, fine, or forfeiture, not exceeding twenty-five dollars, exclusive of costs, and shall have remained in jail for thirty days, if not detained for any other cause, shall be discharged from such imprisonment," &c.

The only question is, whether *Graves* was a prisoner within the purview of this section?

By the 49th section of the act of 1813, (supply bill,) sess. 36. ch. 203., it is enacted, " That nothing in the first section of the ' act for the relief of debtors from the imprisonment of their persons,' shall be deemed, or construed, to extend to imprisonment of the plaintiff, or lessors of the plaintiff, for costs only, in any suit hereafter to be brought."

This last act is *remedial* and *prospective ;* but the escape insisted on in this case was prior to it ; and, therefore, not affected by it. This last act, however, is an implied exposition of the first act ; and shows, that in legislative construction, the first act *did limit the imprisonment to thirty days,* in all cases of persons in execution for *costs only.*

According to the *spirit* of the first act, (which must govern this case,) I think the prisoner was entitled to his discharge at the expiration of thirty days. This being a case of personal liberty, is one in which courts are least of all bound by the strict letter of the statute. The intention of the legislature was, manifestly, this, that no person should be imprisoned more than thirty days, for *costs only ;* nor for any sum of costs, together with debt or damages, not exceeding 25 dollars.

Let judgment of nonsuit be entered.